# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN TUHEY, | |
| Plaintiff, | |
| v. | Case No. 17 C 3313 |
| ILLINOIS TOOL WORKS INC.; ITW LONG TERM DISABILITY PLAN; and AETNA LIFE INSURANCE COMPANY, | Judge Harry D. Leinenweber |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

This is the third time this case has been before the Court on Motions to Dismiss. Plaintiff's original Complaint charged Illinois Tool Works ("ITW") with age and disability discrimination, failure to accommodate and retaliation pursuant to the American with Disabilities Act ("ADA"), violating the Family and Medical Leave Act ("FMLA"), violating the Employee Retirement and Income Security Act ("ERISA"), and with common law defamation. ITW moved to dismiss the FMLA, the ERISA, and the defamation counts. The Court granted the Motion and dismissed the FMLA and the defamation counts without prejudice but dismissed the ERISA count with prejudice. Plaintiff filed an Amended Complaint, adding a new claim of violating the Consolidated Omnibus Budget

Reconciliation Act ("COBRA"), and in addition, moved to reconsider the dismissal of the ERISA count. The Court then dismissed the FLMA interference claim with prejudice and the Plaintiff conceded that the ERISA dismissal was correct and accordingly withdrew the Motion to Reconsider and the new ERISA count.

Plaintiff has now filed a Second Amended Complaint, which seeks to add an ADA Hostile Environment claim (Count IV), and two more ERISA claims; failure to supply requested information (Count VII), and breach of fiduciary duty, a rehash of the dismissed ERISA count (Count VIII). ITW has moved to dismiss Count IV for failure to exhaust administrative remedies, Count VII due to improper request and no bad faith, and Count VIII, for among other reasons, that it had previously been dismissed with prejudice.

## II. DISCUSSION

### A. Count IV

ITW argues for dismissal of Count IV, claiming Plaintiff failed to include hostile environment in his EEOC charge and therefore failed to exhaust remedies. Plaintiff responds arguing that, although his charge did not include a specific hostile environment claim, it is "like or reasonably related to the allegations of the charge and growing out of such allegations," citing *Huri v. Office of the Chief Judge,* 804 F.3d 826, 831 (7th

Cir. 2015). ITW, on the other hand shows that the vast majority of the acts that are claimed to amount to hostile work environment, and most of the individuals charged with creating the hostile work environment, were not mentioned or named in the EEOC charge. ITW also argues that the charged hostile conduct does not meet the objective test required by Title VII.

The Court agrees with ITW. First, there may not even be a hostile work environment claim under the ADA. *Huri* was a Title VII case which involved a charge prepared by a layman. The Seventh Circuit has repeatedly declined to decide the issue of whether hostile work environment claims exist under the ADA. *Holyfield-Cooper v. Board of Ed.,* 604 F. App'x 504, 508 (7th Cir. 2015). In addition, the alleged hostile acts appear to arise from the fact that there was no meeting of the minds between Plaintiff and his supervisors as to how Plaintiff should conduct his role as an attorney. Moreover, Plaintiff is an attorney and should be accustomed to a combative atmosphere. He complained about "probing and intrusive questions" about his health (he took a significant amount of family leave and worked from home due to multiple illnesses); he complained about the treatment he received from his superior Ms. Greene, and, when she was removed and he was reassigned to Deputy General Counsel, he complained about the reassignment, calling it a demotion; and he complained about his

performance reviews. A basic dispute with one's superiors should not become a federal case. However, Count IV is dismissed for lack of jurisdiction for failure to allege hostile environment in his EEOC charge. *See Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985).

### B.  Count VII

Section 1024(b)(4) of ERISA requires "a plan administrator upon written notice of any participant or beneficiary, furnish a copy of the latest updated summary plan description, or other instrument under which the plan is established or operated." To state a claim for penalties under this section, a plaintiff must establish that the administrator was required to make available the information requested, the participant requested the information, and the administrator failed or refused to provide the information requested. *Hakim v. Accenture United States,* 656 F.Supp.2d 801, 821 (N.D. Ill. 2009). Here Plaintiff's attorney made the request for the plan documents from ITW's attorney. He was furnished a summary plan, but the summary plan described a previous Long-Term Disability plan which was no longer in effect. ITW claims that Plaintiff's demand was not in accord with the ERISA statute because requires a written request to the plan administrator, which was ITW, and not its attorney. ITW has not explained how requesting the information from the attorney for the

plan administrator is different from requesting the information from the plan administrator itself, since the attorney is an agent of the plan administrator. Plaintiff was given the wrong information, which is an ERISA violation. ITW says that even if it violated the statute it did not do so in bad faith. However bad faith is a subjective concept and not amenable to be determined on a Motion to Dismiss where Plaintiff's allegations are accepted as true. It is more properly reviewed at the summary judgment stage. The Motion to Dismiss Count VII is denied.

## C. Count VIII

The record shows that the Court dismissed the ERISA breach of fiduciary claim with prejudice on August 2, 2017. It further shows Plaintiff moved to reconsider the dismissal with prejudice and filed a "new" breach of fiduciary duty count in his Amended Complaint. Because the long-term disability policy in effect showed no violation of ERISA, Plaintiff conceded the issue, withdrew his Motion to Reconsider and his new count alleging violation of fiduciary duty. Thus, the matter remained dismissed with prejudice and is now law of the case. In an attempt to get around the previous procedural problem which led to the dismissal, Plaintiff now claims in his brief in response to this Motion to Dismiss that he was not discharged until after March 1, 2016, rather than the February 15, 2016 discharge date alleged in his

several complaints. A plaintiff may not amend his complaint in a brief on a motion to dismiss. Since Plaintiff had not applied for LTD benefits prior to his discharge, he was not eligible to obtain LTD benefits. The long-term disability policy clearly provides that the right to LTD benefits ends at either the end of the disability or the termination of employment, whichever occurs first. Plaintiff's termination here occurred prior to any application for LTD benefits and therefore he was not eligible. Count VIII is dismissed with prejudice.

### III. CONCLUSION

For the reasons stated herein, the Motion to Dismiss Count IV is granted with prejudice. The Motion with respect to Count VII is denied. The Motion to Dismiss Count VIII is granted again with prejudice.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

Dated: 3/18/2019